United States District Court
District of Massachusetts

```
_____
                               )
MICHAEL KING,                  )
        Petitioner,            )
                               )
        v.                     )    Civil Action No.
                               )    08-10373-NMG
DUANE J. MACEACHERN,           )
SUPERINTENDENT, MASSACHUSETTS  )
CORRECTIONAL INSTITUTION -     )
SHIRLEY,                       )
        Respondent.            )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

Petitioner Michael King is currently serving a sentence of five to six years for his convictions of armed robbery (M.G.L. c. 265, § 17), assault and battery (M.G.L. c. 265, § 13A) and intimidation of a witness (M.G.L. c. 268, § 13B). On March 6, 2008, King filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. On July 26, 2010, after considering Petitioner's timely objection, the Court adopted Magistrate Judge Robert B. Collings' Report and Recommendation and dismissed King's petition. On September 15, 2010, King appealed that decision and moved for a Certificate of Appealability ("COA").

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). In order to make a "substantial showing", a petitioner seeking a COA must show that

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  In ruling on a motion for a COA, a district court must state which issues, if any, satisfy the standard set forth in § 2253(c)(2).  28 U.S.C. § 2253(c)(3).

In support of his petition, King argues that 1) there was insufficient evidence for his conviction of armed robbery and 2) the witness intimidation statute was not applicable to his case because the person he assaulted was furnishing information to the news media and not to criminal investigators.  Both grounds that Petitioner raises are fact-driven determinations which require examination and analysis of the trial record.  For that reason, reasonable jurists could disagree with this Court's ruling and the Court will issue a COA with respect to both issues.

## ORDER

In accordance with the foregoing, the motion for a certificate of appealability (Docket No. 27) is **ALLOWED.**

**So ordered**

                              /s/ Nathaniel M. Gorton
                              Nathaniel M. Gorton
                              United States District Judge

Dated December 20, 2010